UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. _____

MANUEL SIMON, and other similarly situated individuals,

    Plaintiff(s),

v.

SELENIS TECHNOLOGIES LLC d/b/a Selenis Construction, CERRONI ENGINEERING LLC d/b/a Selenis Construction, UWE CERRON, and VALERIO CERRON,

    Defendants.

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiff MANUEL SIMON ("Plaintiff"), by and through the undersigned counsel, sues defendants SELENIS TECHNOLOGIES LLC d/b/a Selenis Construction, CERRONI ENGINEERING LLC d/b/a Selenis Construction, UWE CERRON, and VALERIO CERRON (collectively, "Defendants") and alleges:

**JURISDICTION**

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States and unpaid wages under Florida Common Law. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the FLSA") and supplemental jurisdiction pursuant to 28 USC §1367.

2. The Court has supplemental jurisdiction over the state law claim because the facts regarding Plaintiff's state law claim are so related to the Federal claims that they form part of the same case or controversy.

**VENUE**

3. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendants SELENIS TECHNOLOGIES LLC d/b/a Selenis Construction and CERRONI ENGINEERING LLC d/b/a Selenis Construction (collectively, the "Corporate Defendants") are Florida companies having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce.

5. Defendants UWE CERRON, and VALERIO CERRON (collectively, the "Individual Defendants") were, and are now, the owners, directors, and/or high-ranking officers of the Corporate Defendants.

6. The Corporate Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. The Corporate Defendants are an integrated enterprise under the FLSA. Alternatively, each company is an enterprise under the FLSA, or each company is an agent of the other.

7. The Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both



companies. The Corporate Defendants are joint employers. Alternatively, each company is an enterprise under the FLSA.

8. Each Corporate Defendant is sued individually, as a joint enterprise, as joint employers, and as agent of each other.

## COUNT I: VIOLATIONS BY THE CORPORATE DEFENDANTS
## (UNPAID OVERTIME WAGES UNDER THE FLSA)

9. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-8 above as if set out in full herein.

10. This action is brought by Plaintiff, to recover from the Corporate Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and also under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

11. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this complaint, were engaged in interstate commerce. At all times pertinent to this complaint, the Corporate Defendants operated as organizations which sell and/or market their services and/or goods to customers from throughout the United States and from outside of the United States, and also provide their services for goods sold and transported from across state lines of other states, and

WWW.SAENZANDERSON.COM



the Corporate Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees and customers. Upon information and belief, the annual gross revenue of the Corporate Defendants was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff, by virtue of working in interstate commerce, otherwise satisfies the FLSA's requirements.

12.    By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA and/or Plaintiff, and those similarly situated, were engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the FLSA applies. The Corporate Defendants, through their business activities, affect interstate commerce. Plaintiff's work for The Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendants as a construction worker for the Corporate Defendants' business.

13.    While employed by the Corporate Defendants, Plaintiff worked approximately an average of 90 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed.

14.    Plaintiff worked for the Corporate Defendants from approximately July of 2019 through December 15, 2019.  In total, Plaintiff worked approximately 23 compensable weeks



under the FLSA, or 23 compensable weeks if we count 3 years preceding the date of the filing of the instant action.

15. The Corporate Defendants paid Plaintiff on average approximately $20.55 per hour.

16. However, the Corporate Defendants did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

17. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this Complaint.

18. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

   a. **Actual Damages: $11,816.25**

      i. <u>Calculation</u>: $20.55 (hourly pay) x .5 (overtime rate) x 50 (approximate number of weekly overtime hours) x 23 (compensable weeks) = **$11,816.25**

   b. **Liquidated Damages: $11,816.25**

   c. **Total Damages: $23,632.50,** plus reasonable attorneys' fees and costs of suit.

19. At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Corporate Defendants to properly pay him at the



rate of time and one half for all hours worked in excess of 40 hours per workweek as provided in the FLSA.

20. The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not properly paid overtime for hours worked in excess of forty per week.

21. The Corporate Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the FLSA and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above, and Plaintiff is entitled to recover double damages. The Corporate Defendants never posted any notice, as required by the FLSA, to inform employees of their federal rights to overtime wage payments.

22. The Corporate Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

23. The Corporate Defendants willfully and intentionally failed to keep records of all hours worked by Plaintiff and of all payments made to Plaintiff pursuant to the FLSA and the Code of Federal Regulations.

24. The Corporate Defendants failed to post notice of employees' rights to minimum and overtime wages.



25. The Corporate Defendants devised a scheme to avoid FLSA liability by paying Plaintiff and those similarly situated through third parties even though the Plaintiff and those similarly situated worked directly under the control and directives of the Defendants.  This shows Corporate Defendants knowingly violated the FLSA.

26. Corporate Defendants misclassified Plaintiff and those similarly situated individuals as "independent contractors" in a clear attempt to circumvent FLSA law.  This is also proof that the Corporate Defendants knowingly violated the FLSA.

27. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

WWW.SAENZANDERSON.COM



Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

**COUNT II: VIOLATIONS BY THE INDIVIDUAL DEFENDANTS
(UNPAID OVERTIME WAGES UNDER THE FLSA)**

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 above as if set out in full herein.

29. At the times mentioned, the Individual Defendants were, and are now, the owners, directors, and/or high-ranking officers of the Corporate Defendants. The Individual Defendants were employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the FLSA [29 U.S.C. § 203(d)], in that the Individual Defendants acted directly or indirectly in the interests of Corporate Defendants in relation to the employees of Corporate Defendants, including Plaintiff and others similarly situated. The Individual Defendants had operational control of Corporate Defendants, were involved in the day-to-day functions of Corporate Defendants, provided Plaintiff with his work schedule, and are jointly liable for Plaintiff's damages.

30. The Individual Defendants are, and were at all times, relevant persons in control of Corporate Defendants' financial affairs and can cause Corporate Defendants to compensate (or not to compensate) their employees in accordance with the FLSA.

31. The Individual Defendants willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above



and remains owing Plaintiff overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

32. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendants on the basis of the Individual Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

### COUNT III: UNPAID WAGES UNDER FLORIDA COMMON LAW AND SECTION 448.08, FLORIDA STATUTES

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-8 above as if set out in full herein.

WWW.SAENZANDERSON.COM



9

34. The Corporate Defendants employed Plaintiff from approximately July 2019 through December 15, 2019 (approximately 23 weeks). Plaintiff, at all times relevant, was an employee of the Corporate Defendants.

35. Corporate Defendants misclassified Plaintiff as an independent contractor.

36. The Corporate Defendants employed Plaintiff as a construction worker and agreed to pay him for his hours worked at a rate of $20.55 per hour or $1,850 per week.

37. Corporate Defendants paid Plaintiff the agreed upon amount for approximately 5 weeks only. Thereafter, they paid Plaintiff only $400-$500 per week with a promise that the Corporate Defendants would later pay the difference.

38. Corporate Defendants never paid the difference and for the last 2 weeks of Plaintiff's employment, Corporate Defendants did not pay Plaintiff at all.

39. All the hours worked by Plaintiff for the benefit of the Corporate Defendant were worked within the State of Florida.

40. The Corporate Defendants owe Plaintiff unpaid wages in the amount of at least $25,300.

41. As a result, Plaintiff has been damaged.

42. The Corporate Defendants owe Plaintiff his wages earned under Florida common law and attorneys' fees and costs incurred pursuing this action under Florida Statutes, Section 448.08, should the Plaintiff prevail on this claim.

43. Plaintiff has retained undersigned counsel to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

WWW.SAENZANDERSON.COM



## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court grant the following relief:

A. An award to Plaintiff and against the Corporate Defendants for actual damages in the amount shown to be due for unpaid wages, with interest;

B. Costs of this action, together with reasonable attorneys' fees;

C. Such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable as of right.

## COUNT IV: BREACH OF CONTRACT

44. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-8 above as if set out in full herein.

45. The Corporate Defendants and Plaintiff entered into a verbal contract whereby Plaintiff was to perform construction work for the Corporate Defendants and the Corporate Defendants agreed to pay Plaintiff $1,850 per week or $20.55 per hour for his work.

46. Corporate Defendants benefited from Plaintiff's work for approximately 23 weeks, from approximately July 2019 through December 15, 2019.

47. Plaintiff fully performed under the contract.

48. Corporate Defendants failed to pay Plaintiff the amount they promised and agreed to pay Plaintiff under the contract.

49. As a result, Plaintiff has been damaged in the amount of approximately $23,500.

WWW.SAENZANDERSON.COM



50. Plaintiff has retained undersigned counsel to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable as of right.

Dated: May 6, 2020.

                                                                            Respectfully submitted,

By: **R. Martin Saenz**
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (305) 652-5859
*Attorneys for Plaintiff*

WWW.SAENZANDERSON.COM

