**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.: 20-21901-CIV-COOKE/GOODMAN**

**CONSENT CASE**

MANUEL SIMON et al.

      Plaintiffs,

v.

SELENIS TECHNOLOGIES LLC d/b/a Selenis Construction, CERRONI ENGINEERING LLC d/b/a Selenis Construction, UWE CERRON, and VALERIO CERRON,

      Defendants.
_____/

SELENIS TECHNOLOGIES LLC d/b/a Selenis Construction, CERRONI ENGINEERING LLC d/b/a Selenis Construction,

      Third Party Plaintiffs,

v.

CARLOS ALVARADO, and
CARLOS CALI,

      Third-Party Defendants,
_____/

**JOINT MOTION FOR APPROVAL OF PARTIES'**
**SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

      The Parties, by and through undersigned counsel, hereby file this Joint Motion for Approval of the Parties' Settlement Agreement, and Dismissal with Prejudice and respectfully state as follows:

      1.     Plaintiffs, Third-Party Defendants, and Defendants reached an amicable resolution in this matter at mediation on November 11, 2020, a copy of the parties' settlement agreement has been emailed to chambers along with the parties' proposed order.

2. Plaintiffs filed his complaint [DE 1] under the Fair Labor Standards Act (FLSA) whereby Plaintiffs alleged that they were not properly paid their overtime wages.

3. Defendants/Third Party Plaintiffs (Defendants) dispute Plaintiffs' allegations. Defendants contend that Plaintiffs were independent contractors employed by Third Party-Defendants Carlos Alvarado and Carlos Cali and therefore no amount of overtime is owed to Plaintiffs or Third-Party Defendants under the FLSA. Defendants further contend that Plaintiffs exaggerated the hours worked, therefore even if some how they were deemed employees under the law, no overtime would be owed. In support thereof, Defendants contend that Plaintiffs and Third-Party Defendants would often work on unrelated projects during the same time period that Plaintiffs and Third-Party Defendants claimed to have been performing work for Defendants. Furthermore, Defendants contend that Plaintiffs and Third-Party Defendants continue to work as a crew for several other companies through this very day.

4. Furthermore, Defendants contend that they would have been entitled to a setoff as Plaintiffs and Third-Party Defendants reached a pre-suit settlement agreement in which Defendants already paid an installment payment of $2,000 to Third-Party Defendant Carlos Cali, only to have Plaintiffs back out of the deal and file the instant lawsuit. Additionally, Defendants contend that they would have been entitled to a setoff against any overtime wages owed due to the fines incurred and cost of redoing Plaintiffs work as a result of Plaintiffs and Third-Party Defendants poor workmanship.

5. Based on said Defenses, Defendants contend that Plaintiffs are more than being fully compensated for any overtime wages and liquidated damages that Plaintiffs may have been owed; but agree to resolve this case for the said amounts to minimize accumulation of additional costs and fees in defending this matter. Likewise, the Plaintiffs and the Counter-Defendants deny Defendants allegations and further contend that Defendants habitually do not pay their workers,

including the Plaintiffs and the Counter-Defendants, and that the Defendants are simply entities and persons that cannot be trusted. However, Plaintiffs and the Counter-Defendants recognize the risks and additional expenses involved in continuing litigation of this matter and agree to resolve this case for less than their claim, had they prevailed.

6.  As payment of the settlement funds are due in two installment payments, the parties request that as a condition for dismissal, the Court retain jurisdiction to enforce the terms of the settlement agreement. The effectiveness of this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the settlement agreement reached in this case. See *Anago Franchising, Inc. v. Shaz, LLC*, 677 F. 3d 1272, 1280 (11th Cir. 2012). Likewise, the Parties request that the Court maintain to jurisdiction to determine Plaintiffs' counsel's reasonable attorney's fees and costs.

## **Memorandum of Law**

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc*., 545 F.2d 537, 539 (5th Cir. 1977).

In *Lynn's Food Stores, Inc.,* the employer attempted to circumvent the Department of Labor (DOL) findings as to the amount of back wages and liquidated damages owed to employees. After failing to reach a settlement, the employer attempted to offer employees a total of $1,000 to be divided among them on a pro rata basis. Fourteen employees accepted their pro rata share even

though the total amount of damages exceeded $10,000. *Lynn's Food Stores, Inc.* at 1352. In coaxing the employees to accept their pro rata share of $1,000, the employer "representative repeatedly insinuated that the employees were not really entitled to any back wages, much less the amounts calculated by the Department of Labor" and stated ""Honestly, most everyone returned the checks…"" and only the malcontents would accept wages under the FLSA. *Lynn's Food Stores, Inc.* at 1354.

The Eleventh Circuit went on to state that when an employee initiates a private cause of action, there is "some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute." *Lynn's Food Stores, Inc.* at 1354. Therefore, the Eleventh Circuit reasoned, that when a party is represented by counsel it is likely that there is a reasonable compromise and the agreement should be approved.

> Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.,* 679 F.2d at 1354.

In the present case, Defendants contest Plaintiffs' claims for the reasons outlined above. However, in order to avoid the uncertainties of litigation, Defendants made an economic business decision to amicably resolve this matter.

Based on Defendants' contestation, the amount of wages, if any, are in dispute. Therefore, "in order to promote the policy of encouraging settlement of litigation" the parties request that the Court approve the Parties' settlement agreement.

It is the Parties' contention that in light of the issues in dispute, the amount received by Plaintiffs in this settlement is a fair and reasonable settlement and should be approved by this

Court. Had the case gone forward, it is possible that Plaintiffs could have received far less, or nothing at all, and therefore are receiving more pursuant to the settlement agreement. Furthermore, pursuant Fed. R. Civ. Proc. 41(a)(1)(ii) the parties have submitted a proposed text of the order approving settlement and dismissal with prejudice with the Court retaining jurisdiction to enforce the agreement, and agree each party shall bear its own costs and attorney's fees, except as otherwise stated in the Settlement Agreement.

As payment of the settlement funds are due to be paid in two installment payments, the parties request that as a condition for dismissal, the Court retain jurisdiction to enforce the terms of the settlement agreement. The effectiveness of this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the settlement agreement reached in this case. See *Anago Franchising, Inc. v. Shaz, LLC*, 677 F. 3d 1272, 1280 (11th Cir. 2012). Additionally, the parties request that the Court retain jurisdiction to determine Plaintiffs' counsel's reasonable attorney's fees and costs.

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement; (2) dismissing this action with prejudice against Defendants; (3) and the Court retaining jurisdiction to enforce the terms of the settlement agreement and to award Plaintiffs' counsel's reasonable attorney's fees and costs.

Respectfully Submitted,

| Dated: 11/12/20 | Dated: 11/12/20 |
|---|---|
| Saenz & Anderson PLLC<br>Attorney for Plaintiffs<br>20900 NE 30th Ave Ste 800<br>Aventura, FL 33180-2165<br>Tel: (305) 503-5131<br>Email: msaenz@saenzanderson.com | Daniel T. Feld, P.A.<br>Attorney for Defendants<br>2847 Hollywood Blvd.<br>Hollywood, Florida 33162<br>Tel: (954) 361-8383<br>Email: DanielFeld.Esq@gmail.com |
| By: /s/ *Ruben Martin Saenz*<br>   Ruben Martin Saenz, Esq. | By: /s/ *Daniel T. Feld*<br>   Daniel T. Feld, Esq. |

Florida Bar Number: 640166                    Florida Bar Number: 0037013